IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ARTHUR DAVID LOWE | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:13CV251 |
| KISHA N. STOTTS, ET AL | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge K. Nicole Mitchell. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, concludes that this civil rights action should be dismissed with prejudice pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g) and, alternatively, as moot. The Plaintiff has filed written objections (docket entry #18). In his objections, he admits that he has filed numerous prior lawsuits that have been dismissed as frivolous and that he has been barred from filing such lawsuits under § 1915(g). However, he argues that he has been permitted to proceed *in forma pauperis* with the payment over time of the full filing fee. He contends that he has received $20.00 to his inmate trust fund account from a friend and that $10.00 of that amount has been collected as a partial payment of the filing fee. He therefore contends that he is allowed to proceed under *Carson v. Johnson*, 112 F.3d 818, 823 (5th Cir. 1997) and *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), both of which cite 28 U.S.C. §§ 1911-14. Under those authorities, a prisoner-plaintiff otherwise barred by § 1915(g) could proceed with a civil rights lawsuit if he has paid the full filing fee for the action, which amount is currently $400.00. Plaintiff has not done that. Section 1915(g) bars such a lawsuit by a prisoner-plaintiff who is proceeding *in forma pauperis*, as Plaintiff is in this case. Even if Plaintiff pays a partial payment on his filing fee, he does so only by virtue of proceeding *in forma pauperis* and such a partial

1

payment does not satisfy the requirement to pay the filing fee in full amount. Moreover, a review of the docket in this case reveals that the Court has not received *any* payment in any amount from Plaintiff on his filing fee obligation. Therefore, he is not entitled to proceed in violation of § 1915(g).

Plaintiff also contends that he is being subjected to retaliation at his new prison unit, which he argues should enable him to proceed in this action. He is incorrect. Under the terms of § 1915(g), absent paying the full filing fee (i.e., not in an *in forma pauperis* status), he may only proceed if he is subject to a threat of imminent danger of serious physical injury. However, his contentions of such a threat while at his previous prison unit are equally conclusory in his objections as the Magistrate Judge found in his complaint and detailed in her Report and Recommendation. Furthermore, he admits that he is under no such threat of imminent danger since he was transferred to the new prison unit, thereby making his claim moot and rendering his allegations against the new unit ineffective.

The Court has conducted a careful *de novo* review of the pleadings in this case, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. The Court therefore overrules his objections. Accordingly,

**IT IS HEREBY ORDERED** that the above-styled and numbered cause of action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

All motions by either party not previously ruled on are hereby **DENIED**.

**It is SO ORDERED.**

**SIGNED this 7th day of November, 2013.**

*Michael Schneider*
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE